1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11  KELLY SERVICES INC.,                  CASE NO.  C 09-03100 (PJH)

12              Plaintiff,                **STIPULATED TEMPORARY
                                          RESTRAINING ORDER**

13      vs.

14  SHIVANI JAIN,

15              Defendant.

16

17      The parties having stipulated to the relief set forth below, and the Court being otherwise

18  duly advised in the premises;

19

20  **IT IS ORDERED THAT:**

21      (1)    Defendant Shivani Jain ("Jain") is temporarily enjoined, directly or indirectly,

22  from:

23          (a)   Using or disclosing the following Kelly Services, Inc.'s ("Kelly")
                  confidential, proprietary, or trade secret information or property:  customer
24                lists and leads (including names, addresses, and identities of customers who
                  placed job orders with Kelly); applicant/candidate information (including
25                names, addresses, and identities); operational procedures, marketing and
                  sales strategies and practices; pricing and contractual details for customers;
26                customer profits; bill rates; mark-ups; margins; recruiting plans and
                  strategies; and recruiting sources; and
27

28          (b)   Soliciting any Kelly customer who listed a job order with Kelly within a
                  period of 180 days prior to Jain's separation (which occurred November 12,

000046071\0429\1112127.1                    1

2008), consistent with Cal. Bus. & Prof. Code § 16607, until November 12, 2009.  For purposes of this paragraph, Kelly customers will be set forth in a customer list (the "Customer List") that will be provided to counsel for Jain. This list shall be treated as "confidential – attorneys' eyes only."  No other third-party shall be shown the list and no copies shall be made of it in any form.     Before Jain undertakes any solicitation, or participates in the solicitation, of any individual or entity before November 12, 2009, and she has a good faith concern that such entity may be on the list, she shall contact her counsel and provide the name of the individual or entity.  Jain's counsel shall determine whether the individual or entity is identified on the Customer List and shall only inform Jain whether that particular customer appears on the Customer List.  In the event that there is a match between the identity of Jain's potential customer and a Kelly customer, then Jain shall not, directly or indirectly, solicit that customer.  After November 12, 2009, counsel for Jain agrees to destroy the Customer List in her possession.

(2)     Should Defendant Jain have in her possession any Kelly property she shall return it to Kelly's counsel within fourteen (14) days, including all originals and copies of tangible property, proprietary documents, trade secrets, confidential information, cellular telephones, drawings, writings, designs, discs, notes, client files, client information, employment information, business development information, request for proposal, request for bid, client correspondence, meeting minutes, notes of site visits, marketing data, prospect meeting data, proposals, faxes, financial information, pricing, contracts, marketing brochures, marketing database, marketing plans, costs, customer lists, customer information, internal weaknesses, prospect lists, client lists, employee lists, applicant/candidate lists, alliance relationships, competitive bid information, client contact lists, sales leads, prospective employee lists, business plans, profit, margin, and forecasting information, strategic planning, project costs, and any other Kelly data kept in any form or media whatsoever.

(3)     Within fourteen (14) days after entry of this Order, Defendant Jain will submit to an inspection of the computer(s) or other electronic devices of any type to which she sent or stored Kelly documents and material as set forth in the Computer Forensic Report attached as Exhibits 1 and 2 to the Declaration of Brian J. Cavanaugh in Support of Plaintiff Kelly Services,

Inc.'s Ex Parte Motion for a Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction, Docket Entry 14-2, filed July 27, 2009, to confirm the return of Kelly's information and the non-use/non-disclosure of Kelly confidential information and trade secrets, and will agree to the permanent removal of any Kelly information or property found.

(4)     Defendant Jain shall preserve all evidence, including hard copies, electronic, computer or any other format, which in any way relates to all the claims made in this case.

(5)     Pursuant to this Stipulated Temporary Restraining Order, Kelly hereby withdraws the ex parte motion for temporary restraining order filed in this Court on Monday, July 27, 2009.

(6)     This Order shall remain in effect until September 9, 2009 unless extended, modified, or dissolved by the Court prior to September 9, 2009.  Entry of this Order is without prejudice to the Defendant's right to move for the dissolution or modification of this order upon proper notice at any time prior to its expiration.

///

///

///

///

///

///

///

///

///

///

///

///

1    (7)    Pursuant to Civil Local Rule 65-1(c), a preliminary injunction hearing regarding

2  the matters set forth herein, is set to take place in the above entitled Court on Wednesday,

3  September 9, 2009, at 9:00 a.m., in courtroom 5 before the Honorable Judge Phyllis J. Hamilton.

4  **Any opposition brief shall be due 8/19/09; any reply brief shall be due 8/26/09.**

**IT IS SO ORDERED.**

5

6  Dated: _August 4_____, 2009

7                                                                    _____

UNITED STATES DISTRICT

8

9  Stipulated as to form and substance:

By: /s/ James J. Boutrous II_____
Butzel Long, a professional corporation
James J. Boutrous II (MI Bar # 53710 -
Admitted pro hac vice)
150 W. Jefferson - Suite 100
Detroit, Michigan, 48226

By: /s/ E. Joseph Connaughton_____
Paul, Plevin, Sullivan, & Connaughton LLP
E. Joseph Connaughton (SBN 166765)
Aaron A. Buckley (SBN 202081)
Timothy M. Keegan (SBN 251085)
401 B. Street, Tenth Floor
San Diego, California 92101-4232

Attorneys for Plaintiff
1112127.1

By: /s/Sharmi Shah_____
Roberts & Elliott LLP
James Roberts, SBN 98804
Sharmi Shah, SBN 233110
Ten Almaden Boulevard - Suite 500
San Jose, CA 95113
Attorneys for Defendant Jain