UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KELLY SERVICES, INC.,<br><br>            Plaintiff,<br><br>     v.<br><br>SHIVANI JAIN,<br><br>            Defendants. | CASE NO. C 09 03100 (PJH)<br><br>**STIPULATED PROTECTIVE ORDER REGARDING ELECTRONIC DISCOVERY AND FOR RETRIEVAL/DELETION OF INFORMATION FROM DEFENDANT'S COMPUTERS AND OTHER ELECTRONIC DEVICES**<br><br>Courtroom:           Courtroom 5, 17th Floor<br>Magistrate Judge:   Hon. Phyllis J. Hamilton |

The Court having reviewed the stipulation of the parties, and in accordance with the Stipulated Temporary Restraining Order entered on August 4, 2009, and the Court being otherwise duly advised in the premises;

**IT IS ORDERED THAT:**

Plaintiff Kelly Services, Inc. ("Kelly") will inspect the computer(s) and other electronic devices of Defendant Shivani Jain ("Jain"), subject to the following terms:

1.      Upon the parties' agreement to this Stipulated Protective Order, Defendant Jain will ship all computer(s) and other electronic devices of any type (to which she sent or stored Kelly documents and material as set forth in the Computer Forensic Report attached as Exhibits 1 and 2 to the Declaration of Brian J. Cavanaugh in Support of Kelly's Ex Parte Motion for a Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction,

Docket Entry 14-2, filed July 27, 2009) to Plaintiff's forensic expert, J. Stott Matthews of Spectrum Computer Forensics and Risk Management, LLC, ("Spectrum") located at 32440 Susanne, Franklin, Michigan 48026.

2. Plaintiff Kelly shall pay for the shipping costs of the computer(s) and/or other electronic devices that are sent by Defendant Jain.

3. Upon receipt, Spectrum will create a forensically sound image(s) of Defendant's computer(s) and other electronic devices.

4. After imaging, Spectrum and counsel for Kelly will review and analyze the image(s) relative to discovery and the non-use/non-disclosure of any Kelly-related information. Spectrum and counsel for Kelly shall be the only persons with access to the computer(s) and/or other electronic devices that are produced.

5. To the extent any Kelly-related information is found on Defendant Jain's computer(s) and/or other electronic devices, counsel for Kelly will immediately confer with Defendant Jain's counsel before any permanent removal of the Kelly-related information.

6. After counsel for the parties confer regarding the results of inspection, and assuming that there is no evidence of additional use or disclosure of Kelly-related information, Spectrum shall permanently remove any Kelly-related information from the computer(s) and/or other electronic devices and return such equipment to Defendant Jain's counsel. Barring any technical complications relative to the imaging, review, and/or removal of information from the computer(s) and/or other electronic devices, Spectrum and/or counsel for Kelly will return the produced computer(s) and/or other electronic devices to Defendant Jain's counsel within four (4) days after initial receipt.

7. Additionally, after the imaging, review, and/or removal of information from the computer(s) and/or other electronic devices are completed, any images of the computer(s) and/or other electronic devices produced by Defendant Jain will be destroyed and counsel for Kelly will confirm such destruction.

8. All information, other than Kelly-related information, found on the computer(s) or other electronic devices produced by Defendant Jain shall be treated as confidential information,

and under no circumstances provided to third parties or employees of Kelly, except those persons who are required to have the information in order to carry out the provisions of this order.  Kelly and its counsel agree that they will take all reasonable measures to protect the secrecy of and avoid disclosure or use of this confidential information in order to prevent it from falling into the public domain or the possession of persons other than those persons authorized hereunder to have any such information.  Such measures shall include, but not be limited to, the highest degree of care that the recipient utilizes to protect its own confidential information of a similar nature. Kelly and its counsel shall not reproduce, summarize, or otherwise copy any non-Kelly-related information or documents found on the computer(s) or other electronic devices furnished by Defendant Jain.

9. The parties agree that they will be reasonable in amending any of the time periods or other terms provided herein for review and/or production of information based upon the results of the inspection and the amount of data retrieved.  Any such amendment will be in writing between counsel.  If counsel cannot agree, then either may apply to the Court for relief.

10. The parties agree that Plaintiff's forensic expert, J. Stott Matthews of Spectrum, shall be bound by the terms of this Order.

11. Either party may apply to the Court for modification of this protective order.

**IT IS SO ORDERED.**

Dated: 8/17/09

_____
UNITED STATES DISTRICT JUDGE



/////

////

////

Stipulated as to form and substance:

Dated: August 11, 2009        PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: *E. Joseph Connaughton /s/*
    E. JOSEPH CONNAUGHTON
    AARON A. BUCKLEY
    TIMOTHY M. KEEGAN
    Attorneys for Plaintiff
    KELLY SERVICES, INC.

Dated: August 11, 2009        BUTZEL LONG

By: */s/ James J. Boutrous II*
    JAMES J. BOUTROUS II
    Attorneys for Plaintiff
    KELLY SERVICES, INC.

Dated: August 11, 2009        ROBERTS & ELLIOTT LLP

By: */s/Sharmi Shah*
    JAMES ROBERTS
    SHARMI SHAH
    Attorneys for Defendant
    SHIVANI JAIN